# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-07-00196-CV

**Appellants, AEP Texas Central Company; the State of Texas,
by and through the Office of the Attorney General, Consumer Protection
and Public Health Division, Public Agency Representation Section; et al.
// Cross-Appellant, Public Utility Commission of Texas**

**v.**

**Appellee, Public Utility Commission of Texas// Cross-Appellees, AEP Texas
Central Company; the State of Texas, by and through the Office of the
Attorney General, Consumer Protection and Public Health Division,
Public Agency Representation Section; et al.**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
## NO. D-1-GV-06-000827, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## O P I N I O N

**PER CURIAM**

We withdraw the opinion, concurring and dissenting opinion, concurring opinion
and judgment issued May 23, 2008, and substitute the following in their place. We overrule the
appellants' motion for rehearing.[1]

---

[1] Several appellants, referred to collectively as the "Joint Intervenors," including the cities
served by AEP Texas Central Company, the State of Texas, Texas Industrial Energy Consumers, and
Alliance Valley Healthcare, filed a joint motion for rehearing, which the Court overrules today.

This appeal arises from the final order of the Public Utility Commission in the true-up proceeding to finalize "stranded costs" and other true-up balances for the AEP Texas Central Company and CPL Retail Energy, L.P. (collectively "TCC") as a result of the legislative mandate to bring competition to the retail energy market in Texas. The district court affirmed the Commission's final order in most respects, but reversed on three issues. This Court affirms the district court's judgment in part, reverses in part, and remands this cause to the Commission for further proceedings consistent with the Court's opinions.

Justice Patterson filed a concurring and dissenting opinion, joined by Justices Puryear and Pemberton in part. Justice Pemberton filed a concurring opinion, joined by Justice Puryear.

For the reasons expressed in Justice Patterson's opinion, the Court affirms the district court's judgment, except that the Court reverses the district court's judgment that: (1) the Commission erred in excluding the testimony and expert report of Ross A. Sollosy; (2) the Commission erred in using the interest rate specified in PUC Rule 25.263(*l*)(3); (3) the Commission properly refused to consider the potential normalization violation resulting from its treatment of the amounts held in TCC's federal tax accounts for Accumulated Deferred Investment Tax Credits (ADITC) and Excess Deferred Federal Income Tax (EDFIT); and (4) the Commission properly accounted for the excess mitigation credits and interest paid by TCC.

For the reasons expressed in Justice Pemberton's opinion, the Court affirms the district court's judgment that section 39.252(d) of the Public Utility Regulatory Act precludes the Commission from adjusting the net book value of TCC's generation assets where the Commission has found that TCC has disposed of those assets in a bona fide third-party transaction under a

competitive offering as required in section 39.262(h). Accordingly, the Court does not reach the question of whether the Commission's adjustments to the net book values of TCC's share in the South Texas Nuclear Project and the Coleto Creek Coal Plant for "commercial unreasonableness" were supported by substantial evidence. The Court also affirms the district court's judgment affirming the Commission's refusal to make book-value adjustments based on the failure to employ bridge power sales agreements.

Justice Patterson dissents from the majority's conclusion that section 39.252(d) precludes the Commission's adjustments to the net book value of TCC's generation assets for "commercial unreasonableness" related to TCC's sales of the South Texas Nuclear Project and the Coleto Creek Coal Plant to the extent TCC's commercially unreasonable behavior benefitted the utility and was not captured in the market valuation of TCC's generation assets.

Before Justices Patterson, Puryear and Pemberton;
     Concurring and Dissenting Opinion by Justice Patterson;
          Joined in part by Justices Puryear and Pemberton;
     Concurring Opinion by Justice Pemberton;
          Joined by Justice Puryear

Affirmed in part; Reversed and Remanded in part on Motion for Rehearing

Filed:   June 27, 2008